IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00959-RBJ

RONALD TAYLOR, an individual

Plaintiff,

v.

J R MOTORS COMPANY SOUTH, d/b/a GO TOYOTA,
a Colorado limited liability company,

Defendant.

## STIPULATION AND PROTECTIVE ORDER

Plaintiff, RONALD TAYLOR, and Defendant J R MOTORS COMPANY SOUTH d/b/a GO TOYOTA (Plaintiff and Defendant are sometimes referred to individually as the "Party" or collectively as the "Parties"), through their respective counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (hereinafter defined), and, as grounds therefore, state as follows:

1.  In this action, the Parties are in possession of relevant information which they reasonably believe constitutes Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties'

business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, email, electronic document or copy made there from - not made available to the public - and designated by one of the Parties in the manner provided in Paragraph 3 below as containing (a) personal or financial information relating to a non-party; (b) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (c) trade secret information as defined under state or federal law; and (d) pricing, design, licensing, or other competitive information not otherwise publicly available.

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  **A narrowly-tailored protective order - as identified here - is an appropriate measure to guard against the public disclosure of non-public information.  See, Regan-Touhy v. Wagreens Co., 526 F.3d 641, 648 (10th Cir. 2008);** *Tara Woods Ltd. Partnership v. Fannie Mae*, 265 F.R.D. 561, 568-69 (D. Colo. 2010); *Martinez v. Social Sec. Admin.*, 2007 WL 4573749 at *4, *4n.12 (D. Colo. 2007).

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

  a. By imprinting the word "Confidential" on the pages of any document produced;

  b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

  c. With respect to transcribed testimony, by giving written notice to the opposing Parties' counsel designating such portions as "Confidential" no later than ten business days after receipt of the transcribed testimony.

 4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

  a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

  b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

 5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

 6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information.

 7. During the pendency of this action, opposing counsel may inspect the original affidavits maintained by counsel pursuant to paragraph 6 above.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made there from pursuant to paragraph 8 above.

10. **A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. Further, a party may request that information otherwise considered to be confidential be distributed or disclosed under certain specified conditions. If the parties cannot resolve the objection or the request to disseminate identified information within ten (10) business days after the time the notice or request is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information not to be disseminated outside terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of**

**establishing that good cause exists for the disputed information to be treated as Confidential Information.**

11.   Use of Confidential Information in Court Proceedings:  In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing under restriction or otherwise kept out of the public record in this action, however, except by court order issued upon the motion to file the documents under restriction or upon any motion for disclosure order.  Any motion requesting leave to file documents under restriction shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.   **The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.**

13.   By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.   Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing counsel all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries,


notes or copies made there from.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein.

15.   Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this 4th day of September, 2012.

BY THE COURT:

_____
United States District Court
Judge R. Brooke Jackson

**STIPULATED AND AGREED BY:**

s/ Tanya E. Milligan
Tanya E. Milligan, Esq.
John K. Shunk, Esq.
Messner & Reeves, LLC
1430 Wynkoop Street, Ste. 300
Denver, CO 80202

**Attorneys for Defendant**

s/___Diane Vaksdal Smith_____
Diane Vaksdal Smith
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive, E.
Englewood, CO  80112

6

**Attorney for Plaintiff**

# EXHIBIT A

## AFFIDAVIT

STATE OF _____   )
                                            )
COUNTY OF _____   )

_____, swears or affirms and states under penalty of perjury:

      1.     I have read the **Stipulation and Protective Order** entered in Ronald Taylor v. J R Motors Company South d/b/a Go Toyota, Civil Action No.1:12-cv-00959-RBJ (the "Litigation"), a copy of which is attached to this Affidavit.

      2.     I have been informed by _____, counsel for _____, that the materials designated as Confidential contain Confidential Information as defined by the Protective Order.

      3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than for this Litigation.

      4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the Litigation.

      5.     I will abide by the terms of the Protective Order.

                                                        _____
                                                         (Signature)

                                                         _____
                                                         (Print or Type)

                                                         _____

                                                         _____
                                                         Address

                                                         _____
                                                         Telephone Number