IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01769-RBJ-CBS

DARRYL RICHMOND,

    Plaintiff,

v.

KEN GREENE, in his official capacity as a Deputy Manager of Aviation for the Denver Department of Aviation, and in his individual capacity;
MATT CONWAY, in his official capacity as a Manager for the Denver Department of Aviation, and in his individual capacity;
SHERRY GRAMS, in her official capacity as a Manager, for the Denver Department of Aviation, and in her individual capacity; and
CITY AND COUNTY OF DENVER,

    Defendants.

---

ORDER

---

This matter is before the Court on defendants' Motion for Summary Judgment [#111]. Mr. Richmond filed a response on July 23, 2012 [#113] and defendants filed a reply [#119]. The motion is fully briefed and ripe for review.

**Facts**

This case arises out of plaintiff Darryl Richmond's termination from his employment, and his involvement in reporting alleged discrimination by contractors at Denver International Airport. Mr. Richmond was employed by the City and County of Denver as a Contract Compliance Technician at Denver International Airport ("DIA") from 1998 until his dismissal on

March 2, 2011. As a Contract Compliance Technician, Mr. Richmond oversaw and monitored contractors, including ISS, a janitorial service at DIA.

According to Mr. Richmond's version of events, ISS's managers were engaging in discrimination based on race and national origin against their employees for several years. Mr. Richmond, because he worked closely with ISS employees, observed many of these allegedly discriminatory incidents. Although it is hotly disputed by the defendants, Mr. Richmond contends that he reported these incidents to his superiors, who failed to address the problem.

Both parties agree that Mr. Richmond was fired because of incidents that relate to Mr. Richmond's involvement with ISS. However, that is about all on which they agree. Mr. Richmond argues that he was fired in retaliation for speaking out and reporting instances of discrimination by ISS managers. Specifically, Mr. Richmond believes he was fired in retaliation for engaging in the following actions: (1) discussing steps Mathurin Innocent, an ISS employee, could take to address discrimination concerns, (2) writing a letter to the County of Denver reporting discrimination and supporting the ISS employee's union, SEIU, and (3) signing an affidavit in federal court reporting observations of discrimination. In contrast, defendants maintain that Mr. Richmond was terminated for violations of several "Denver Career Services Rules." The City points to Mr. Richmond's "interference" with ISS business, including an incident at Carousel 7 where Mr. Richmond falsely reported a "hostile" argument. Defendants argue that Mr. Richmond was fired for a failure to follow directions regarding supervising contractors, undermining the airport's relationship with those contractors, failing to report discrimination through the proper channels, and "unacceptable" performance, not in retaliation for reporting discrimination.

**Standard**

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

**Conclusions**

Defendants now ask the Court to dismiss Mr. Richmond's remaining claims: (1) Retaliation for Mr. Richmond's protected free speech in violation of the First Amendment by all defendants; (2) Retaliation for reporting and opposing discrimination in violation of 42 U.S.C. § 1981 by all defendants; and (3) Retaliation for reporting and opposing discrimination in violation of Title VII and C.R.S. § 24-34-402 by the City of Denver.

<u>First Amendment Retaliation</u>

To sue under the First Amendment's Speech Clause, a public employee must demonstrate that he or she "spoke as a citizen on a matter of public concern." *Borough of Duryea, PA v. Guarnieri*, 131 S.Ct. 2488, 2493 (2011) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983)).

"Even if an employee does speak as a citizen on a matter of public concern, the employee's speech is not automatically privileged. Courts balance the First Amendment interest of the employee against the interest of the State…." *Id.* (internal citations omitted).

The test for determining whether a public employee's constitutional rights were violated by being terminated for speaking on matters of public concern derives from *Garcetti v. Ceballos,* 547 U.S. 410 (2006) and *Pickering v. Bd. of Ed.,* 391 U.S. 563, 568 (1968). The test has five prongs: "(1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern (3) whether the government's interests, as an employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct." *Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009). The first three prongs are issues of law, and the last two are fact issues for the fact finder. *Id.*[1]

Defendants argue that all of plaintiff's instances of protected speech fail the five-part test. However, the Court finds that Mr. Richmond has presented sufficient evidence of disputes of material fact to withstand defendants' motion for summary judgment on this claim. When Mr. Richmond wrote a letter on behalf of SEIU and signed an affidavit in support of a separate case, he was not speaking as part of his official duties. Second, those statements were not made on his own behalf but on behalf of the employees of ISS. Third, an employer's interest in efficiency of public service does not outweigh a citizen's rights to report and speak out against discrimination. Finally, the Court finds that Mr. Richmond has presented sufficient evidence to create a fact

---

[1] Mr. Richmond argues for application of the three-part test articulated by the Tenth Circuit in *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007). That test, however, does not apply when the plaintiff is a public employee. In the current context, application of the *Garcetti/Pickering* test is proper.

4

issue on the last two factors. Although defendants vehemently profess otherwise, the reason Mr. Richmond was ultimately terminated comes down to a dispute of fact and requires a determination of the credibility of both Mr. Richmond and his employers. Such a determination is not proper on summary judgment. Therefore, defendants' motion for summary judgment is denied as to Mr. Richmond's First Amendment claim.

### Retaliation for Reporting and Opposing Discrimination

Mr. Richmond asserts retaliation claims pursuant to 12 U.S.C. § 1981 against all defendants and pursuant to Title VII and C.R.S. § 24-34-402 against the City of Denver. To make out a prima facie claim for retaliation Mr. Richmond must show: (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse such that the action would dissuade a reasonable worker from making or supporting a charge of discrimination, and (3) that a causal connection exists between the protected activity and the materially adverse action. *EEOC v. PVNF, LLC*, 487 F.3d 790, 803 (10th Cir. 2007) (citing *Burlington Northern & Santa Fe Railway Co., v. White*, 548 US 53 (2006)). Defendants argue that there is (1) no causal connection between the protected activity and Mr. Richmond's termination, (2) Mr. Richmond has not provided evidence of his claim against the City, and (3) that Mr. Richmond has not supported his claims against defendants Grams and Conway.

First, the Court finds that Mr. Richmond has presented sufficient evidence of a causal connection to survive summary judgment. Defendants themselves argue that Mr. Richmond was terminated because he failed to report instances of discrimination to his superiors. That very proffered reason demonstrates defendants' awareness of the letter Mr. Richmond wrote on behalf of the SEIU at the time of his termination. Mr. Richmond has also presented evidence of

temporal proximity to establish a causal connection between Mr. Richmond's affidavit submitted on behalf of the white female company in *Allstate Sweeping*, and his termination. Mr. Richmond's affidavit was submitted to the Court and sent to the City attorneys on February 7, 2011. On February 15, 2011 Mr. Richmond was sent a pre-disciplinary letter informing him that discipline and dismissal were being contemplated. [#111-23]. "Proof of the underlying circumstances and the close temporal proximity…could reasonably support an inference of an unlawful retaliatory action." *Ramirez v. Oklahoma Dept. of Mental Health*, 41 F.3d 584, 596 (10th Cir. 1994). Although defendants vehemently deny that these actions were the reason for Mr. Richmond's termination, that is a fact issue that is properly determined at trial.

Second, defendants argue that Mr. Richmond has not argued for, or supported, his claim against the City. To establish municipal liability, Mr. Richmond must demonstrate "(1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). The City can only be sued under §1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Defendants are correct that Mr. Richmond has not specifically argued this point in his response. However, the Court has reviewed the record and finds that Mr. Richmond has put forth evidence of an unofficial policy of ignoring reports of discrimination that involve contractors. While defendants dispute this fact, Mr. Richmond has provided his own affidavit[2], and affidavits from his coworkers, testifying that

---

[2] Defendants argue in their reply that Mr. Richmond submitted a "sham" affidavit in response to their motion. The Court finds that any discrepancies with Mr. Richmond's previous testimony do not amount to the level of a "sham affidavit." Defendants may highlight any inconsistencies in Mr. Richmond's story on cross-examination by way of impeaching his credibility.

Mr. Richmond repeatedly reported instances of discrimination to his superiors. [#113-3]; [#113-4] at ¶10, 13; [#113-8] at ¶10-13. This testimony indicates that it was the City's unofficial policy, as implemented by decision-makers, to ignore reports of discrimination regarding contract workers. This alleged disregard for Mr. Richmond's reports led him to write a public letter and sign an affidavit, both of which are alleged to be the cause of his termination. Therefore, the Court finds that there is sufficient evidence in the record to create a dispute of material fact sufficient to defeat summary judgment on Mr. Richmond's claims against the City.

Defendants, in their reply, allege that Mr. Richmond has failed to support his claims against Ms. Grams and Mr. Conway with any evidence that they were involved in Mr. Richmond's leave or termination. The Court disagrees. Mr. Richmond alleges that he reported discrimination to both Ms. Grams and Mr. Conway. [#113-3] at ¶13; [#113-6] at ¶8. They asked that Ms. Bland institute an investigation against Mr. Richmond [#113-10] at 169:2-7. Ms. Grams was aware of the *Allstate Sweeping* case and was deposed in that case. [#113-21] at 69:23-25. Mr. Conway placed Mr. Richmond on investigatory leave. [#113-20] at 28:25-25; 29:1. Further Mr. Conway testified that he and Ms. Grams met with Mr. Greene and agreed with Mr. Greene's decision to terminate Mr. Richmond. *Id.* at 42:1-10. This is sufficient evidence to create a fact dispute at to whether Mr. Conway and Ms. Grams were involved or influenced the decision to terminate Mr. Richmond.

Finally, defendants argue that the individual defendants are entitled to qualified immunity. This issue was largely addressed by Magistrate Judge Shaffer in response to defendants' motion to dismiss [#105]. Mr. Richmond has alleged that defendants terminated him in retaliation for reporting discrimination. Such an action, if true, is clearly in violation of Mr. Richmond's constitutional rights. Second, such a right is clearly established. A right is clearly

established if it would be clear to a reasonable official that his or her conduct was unlawful. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). Obviously, it must be clear to any reasonable official that termination of an employee for reporting discrimination is unlawful. Once again, for emphasis, the Court is not finding that this occurred; that is a factual dispute to be resolved by the jury. However, on these alleged facts, the individual defendants are not entitled to qualified immunity.

### Order

The Court finds that Mr. Richmond has presented sufficient evidence to create a factual dispute on all of his remaining claims. Accordingly, defendants' Motion for Summary Judgment [#111] is DENIED.

DATED this 10th day of September, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge