IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01769-RBJ-CBS

DARRYL RICHMOND,

    Plaintiffs.

v.

KEN GREENE, in his official capacity as a Deputy Manager of Aviation for the Denver Department of Aviation, and in his individual capacity;

MATT CONWAY, in his official capacity as a Manager for the Denver Department of Aviation, and in his individual capacity;

SHERRY GRAMS, in her official capacity as a Manager, for the Denver Department of Aviation, and in her individual capacity; and

CITY AND COUNTY OF DENVER

    Defendants.

## ORDER

    Plaintiff's purported voluntary dismissal of his claims against defendants Greene, Conway and Grams without prejudice [docket #144] is rejected by the Court as contrary to the procedure set forth at Fed. R. Civ. P. 41(a)(1)(A). Plaintiff's First Motion in Limine [#127] is denied. Plaintiff's Second and Third Motions in Limine [#133, #140] are also denied; however, the Court directs the parties not to refer to any of the matters that are the subjects of these two motions without first notifying the Court and opposing counsel, outside the presence of the jury, and showing good cause for the relevance of such information to the resolution of the remaining claims in this case.

The Court has notified counsel of a conflict on its docket on Monday, September 17, 2012. The Court has two cases, both reassigned from other judges, set for trial on that date. One of the cases, filed in 2009 and therefore two years older than the present case, is set for a 10-day jury trial. In response to a recent inquiry of the Court's staff, counsel in that case indicated that they still believe they need 10 days. In response to the staff's inquiry to counsel in the present case, plaintiff's counsel all but begged the Court not to postpone the trial. The Court has tried, unsuccessfully, to find another judge on this Court or senior judge who could take this case.

Accordingly, having reevaluated the reasonable needs of both trials, the Court will begin the jury trial of this case at 9:00 a.m. sharp on September 17. The trial is strictly limited to three days. The Court will allocate half of the available trial time to each party and will keep track of the time used. Preliminary matters, voir dire, opening statements, closing arguments, examinations of witnesses, approaches of the bench, in-trial motions, etc., all will be counted against the party's time. Witnesses may be taken out of order if necessary to fit witnesses' schedules. The Court will begin the other trial on Thursday, September 20, 2012 at 9:00 a.m. and limit the parties in that case to seven trial days.

DATED this 13th day of September, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge